# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

In re forfeiture of $19,898 in U.S. currency.

CITY OF ST. PETERSBURG POLICE DEPARTMENT,

Appellant,

v.

GARRETT JAMAL DENNIS,

Appellee.

No. 2D2025-0701

_____

July 24, 2026

Appeal from the Circuit Court for Pinellas County; Shawn Crane, Judge.

Laura A. Roe of City of St. Petersburg Police Department, St. Petersburg, for Appellant.

Luke Lirot of Luke Charles Lirot, P.A., Clearwater, for Appellee.

LABRIT, Judge.

In this forfeiture proceeding, the City of St. Petersburg Police Department (SPPD) challenges a final order denying probable cause for a seizure under section 932.703(2), Florida Statutes (2025).  Because SPPD's application and accompanying affidavit were sufficient to establish probable cause at this stage, we reverse the order and remand for an adversarial preliminary hearing.

On January 2, 2025, SPPD seized $19,898 in cash from Garrett Dennis pursuant to the Florida Contraband Forfeiture Act (the Act).[1] SPPD alleged that the cash was used, attempted to be used, or intended to be used in violation of chapter 893, Florida Statutes (2025), which generally makes it unlawful to purchase or sell illegal drugs. SPPD filed an application in circuit court under section 932.703(2)(a) of the Act, which provides that "[w]hen a seizure of property is made . . . , the seizing agency shall apply . . . for an order determining whether probable cause exists for the seizure." SPPD included a sworn affidavit with its application, which section 932.703(2)(a) also requires.

In the affidavit, an SPPD officer averred that while on patrol on the night of January 2, he observed Mr. Dennis get out of his vehicle at "a highly traveled narcotics location where multiple vehicles and persons engage openly in drug transactions." The officer explained that Mr. Dennis spoke with several people at that location then drove to a second location where he spoke with several other people, shook hands, returned to his vehicle, and drove away. The officer subsequently initiated a traffic stop after Mr. Dennis failed to stop at a stop sign, and the officer noted a strong odor of marijuana emanating from Mr. Dennis's vehicle. Ultimately, approximately thirty-one grams of marijuana were found in the vehicle, along with three loose one-dollar bills and a bag containing a loaded handgun with a round in the chamber, multiple loaded magazines, and THC. Baggies of marijuana were further found in Mr. Dennis's jacket pocket, and he had $19,895 in cash in the pocket of his jeans. Mr. Dennis told the officer that "he was going to buy a food truck with that money, but when asked what sort of vehicle and what

---

[1] The Act appears in sections 932.701 through 932.7062.

sort of food he would be selling, [Mr. Dennis] was unable to provide [a] straight answer."

After reviewing SPPD's application, the trial court entered an ex parte order concluding that probable cause did not exist for the seizure. But in forfeiture proceedings—which are civil in nature—the standard for probable cause at the seizure stage[2] "requires only a showing of a sufficient probability to warrant a reasonable belief that the property was used in violation of the [Act]." *In re Forfeiture of 1994 Ford Explorer*, 203 So. 3d 992, 993 (Fla. 2d DCA 2016) (citation modified). Circumstantial evidence is enough, and the seizing agency can satisfy its burden based on "the aggregation of facts, even if each fact, standing alone, may be insufficient." *State v. Forfeiture of $133,888.00 in U.S. Currency*, 327 So. 3d 472, 474–75 (Fla. 3d DCA 2021); *see also Miami-Dade Police Dep't v. Forfeiture of $15,875.51*, 54 So. 3d 595, 598 (Fla. 3d DCA 2011) ("To determine whether the information is sufficient to establish probable cause, a court must weigh not the individual layers, but the laminated total." (citation modified)). Indeed, probable cause in this context "is something 'less than a prima facie case, but more than a mere suspicion.' " *In re Forfeiture of 1994 Ford Explorer*, 203 So. 3d at 994 (quoting *In re Forfeiture of Seven Thousand Dollars U.S. Currency*, 942 So. 2d 1039, 1042 (Fla. 2d DCA 2006)).

Here, SPPD's application and sworn affidavit surpassed mere suspicion. Under the Act, it is unlawful to possess any currency used, attempted to be used, or intended to be used to purchase or sell illegal drugs. *See* §§ 932.701(2)(a)1, .702(2). The officer's averments—viewed in

---

[2] Forfeiture proceedings "are a two-stage process, which includes a seizure stage and a forfeiture stage." *Gomez v. Vill. of Pinecrest*, 41 So. 3d 180, 185 (Fla. 2010). The seizing agency's burden differs at each stage, and here we are concerned only with the initial seizure stage.

the aggregate without any contrary evidence—showed "a sufficient probability to warrant a reasonable belief that" Mr. Dennis had almost twenty thousand dollars in cash on him for such unlawful purposes. *See In re Forfeiture of 1994 Ford Explorer*, 203 So. 3d at 993.

We therefore reverse the order denying probable cause and remand for an adversarial preliminary hearing under section 932.703(3)(c).[3] At the hearing, the court "shall review the verified affidavit and any other supporting documents and take any testimony to determine whether there is probable cause to believe that the [currency] was used, is being used, was attempted to be used, or was intended to be used in violation of the [Act]." § 932.703(3)(c). Because this review will be more expansive than our limited review of the four corners of SPPD's application, our determination of probable cause herein shall not bind any future determinations.

Reversed and remanded with instructions.

BLACK and GUARD, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

---

[3] While the record on appeal is slim, the parties advised this court through their briefs and at oral argument that Mr. Dennis timely requested a preliminary adversarial hearing, *see* § 932.703(3)(a), and they agree that the trial court must conduct one upon reversal.